## La Due v. La Due.

No. 334.     Opinion Filed March 9, 1909.

(100 Pac. 513.)

DIVORCE—Appeal—Notice. Where on appeal from a judgment granting a divorce, plaintiff in error has failed to file, within 10 days after the rendition of such judgment, written notice of his intention to appeal, in the office of the clerk of the court in which the judgment was rendered, as prescribed by section 4840, Wilson's Rev. & Ann. St. Okla. 1903, this court is without jurisdiction to hear and determine the appeal, and same will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Tillman County; J. T. Johnson, Judge.*

Action by Ethel La Due against J. L. La Due. Judgment for plaintiff. Defendant brings error. Dismissed.

*Ahern & Dial,* for plaintiff in error.
*Hudson & Mounts,* for defendant in error.

HAYES, J.     This is an action for divorce, brought in the district court of Tillman county by defendant in error against

plaintiff in error. From a decree of that court granting to defendant in error a divorce, plaintiff in error appeals.

A motion has been filed in this court by defendant in error to dismiss the appeal, upon the ground that plaintiff in error failed to file, within 10 days after the judgment in the trial court was rendered, a written notice in the office of the clerk of said court, stating that it was his intention to appeal from said judgment. Section 4840, Wilson's Rev. & Ann. St. Okla. 1903, in part, reads as follows:

"A party desiring to appeal from a judgment granting a divorce must within ten days after such judgment is rendered file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment; and unless such notice be filed no appeal shall be made or taken in such cause.   *   *   *"

It appears from the record that no notice of appeal was filed with the clerk in compliance with this section of the statute. The right of appeal from a decree of divorce did not exist at common law, and must be derived from some provision of the statute or Constitution. 2 Nelson on Divorce and Separation, par. 809. And the mode of taking an appeal required by the statute is mandatory, and must be strictly complied with. 3 Ency. Plead. & Pr. 213, and authorities there cited. The language of the statute quoted is unambiguous; its meaning is clear and unmistakable and requires no construction. By the express language of the section the filing of the notice of intention to appeal within 10 days after the judgment is rendered is made mandatory upon the person desiring to appeal from the judgment, and, while by a subsequent provision of the statute (section 4842) a decree of divorce does not become absolute and take effect until after the expiration of six months from said time, such decree does become final in so far as the right of appeal lies therefrom after the expiration of 10 days from the rendition of such judgment if no notice has been filed by the party desiring to appeal. The failure of plaintiff in error to file a notice as provided by statute is jurisdictional as to this court, and we are without power to review the judgment from

which he attempts to appeal. This section of the statute was continued in force in the state both by the provisions of the schedule to the Constitution and the provisions of the Enabling Act, and is also made applicable by the further provision of section 8 of article 7 of the Constitution (section 177, Bunn's Const.), which provides that the appellate jurisdiction of the Supreme Court shall be invoked in the manner now prescribed by the laws of the territory of Oklahoma until the Legislature shall otherwise provide.

It follows that the motion to dismiss should be sustained.

All the Justices concur.