## MONTGOMERY v. MONTGOMERY.

No. 3576.  Opinion Filed February 28, 1914.

(139 Pac. 288.)

1. **DIVORCE—Time for Appeal—Division of Property.**  That part of section 4971, Rev. Laws 1910, requiring that a party desiring to appeal from a judgment of the district court granting a divorce must within ten days after such judgment is rendered, file a writen notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment, and requiring, further, that the proceeding in error be commenced within four months from the date of the decree appealed from, and not thereafter, applies only where it is sought to appeal from a judgment granting a divorce, and not where the appeal is prosecuted from an order awarding alimony or making a division of property in divorce proceedings.

2. **HUSBAND AND WIFE—Separation Agreement—Rescission and Cancellation.**  A separation agreement procured by fraud or duress, or voidable upon other equitable grounds, is subject to rescission and cancellation in equity, the same as any other contract. Where the agreement is executed directly between husband and wife, it is also subject to the rules which control the contracts of persons occupying confidential relations, and is not binding upon the wife, unless it is just and equitable in view of all the circumstances existing at the time when it was executed.

3. **SAME—Division of Property—Prior Contract of Settlement—Burden of Proof.**  In a suit for divorce and a division of property acquired through the joint efforts of the parties, when the husband sets up a prior written contract of settlement, entered into between himself and wife, as a defense against any further division of the property, he must be able to show, not only that it was entered into fairly and without misrepresentation, overreaching, or fraud, but also that its provisions are equitable and just under all the circumstances.

4. **SAME—Sufficiency of Evidence.**  The evidence justified the court in annulling the contract of settlement entered into between the parties.

(Syllabus by Brewer, C.)

*Error from Superior Court, Pottawatomie County;*
*Geo. C. Abernathy, Judge.*

Suit by Dora B. Montgomery against W. G. Montgomery for divorce, custody of minor child, and division of property. Judgment for plaintiff, and defendant brings error.  Affirmed.

*S. P. Freeling* and *J. H. Woods,* for plaintiff in error.

*Blakeney & Maxey,* for defendant in error.

Opinion by BREWER, C. The defendant in error, Dora B. Montgomery, as plaintiff below, filed this suit against her husband, W. G. Montgomery, in the district court of Pottawatomie county May 8, 1909. The suit is for divorce, the custody of a minor child, and for division of the property, which, it is alleged, was accumulated through the joint efforts of the plaintiff and the defendant.

The defendant denied the allegations of the petition, and also set up a contract for separation and division of the property theretofore made, and by a cross-bill asked for a divorce from the plaintiff. The plaintiff, in her reply, admitted that a written contract had been made, under the terms of which the defendant had set apart to her certain items of property, but alleged that same ought not to be allowed to stand, for the reason that she had been fraudulently induced to sign the same, had been overreached in the matter, had been intimidated and forced into signing the same, and that the contract was inequitable and unjust, and ought to be set aside, and a fair division of the property made in pursuance of the prayer made in her original petition.

The cause was tried in the superior court, and August 9, 1911, a decision was rendered in favor of the plaintiff, granting her a divorce, setting aside the former settlement as inequitable and unjust, granting plaintiff the custody of the minor child, finding that the property was the joint accumulation of the parties, and decreeing a certain division of the property involved.

On August 10, 1911, the defendant filed a motion for a new trial and to vacate and set aside the findings and judgments theretofore rendered, etc. This was overruled by the court on August 26, 1911, and the defendant was allowed time in which to make and serve a case-made, which was later done, and this appeal was filed in this court February 5, 1912. The record fails to show the filing of any notice in the office of the clerk of the court in which the judgment was rendered of the intention

of the party to appeal; nor was the proceeding in error commenced in this court within four months from the date of the decree appealed from, as required by section 4971, Rev. Laws 1910. To have reviewed any question affecting the portion of the decree granting the divorce, the filing of the written notice of an intention to appeal with the clerk of the court in which the decree is rendered and within ten days thereafter is a mandatory prerequisite and is jurisdictional. *La Due v. La Due,* 23 Okla. 323, 100 Pac. 513; *Orcutt v. Orcutt,* 25 Okla. 855, 108 Pac. 373.

But it has been held in the case of *Lewis v. Lewis,* 39 Okla. 407, 135 Pac. 397, that the order of the court relating to the question of a division of the property is separable from the decree granting the divorce, and, where the appeal and assignments of error go solely to that portion of the judgment, that the appeal may be taken under the general provisions of law relating thereto. The Lewis case, *supra,* followed the Kansas case of *Kremer v. Kremer,* 76 Kan. 134, 90 Pac. 998, 91 Pac. 45, which rested on a very similar statute. The syllabus in the Lewis case is:

"That part of section 4971, Rev. Laws 1910, requiring that a party desiring to appeal from a judgment of the district court granting a divorce must, within ten days after such judgment is rendered, file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment, and requiring, further, that the proceeding in error be commenced within four months from the date of the decree appealed from, and not thereafter, applies only where it is sought to appeal from a judgment granting a divorce, and not where the appeal is prosecuted from an order awarding alimony or, making a division of property in divorce proceedings."

The point argued and urged here goes to the action of the court in vacating and setting aside the written contract of settlement as to property, entered into between the parties about a year before the suit was filed. The finding of the court incorporated in the decree follows:

"And the court finding that the contract of the date of 23d of July, 1908, was unfair, and its execution was obtained unfairly and is unreasonable, and that, in the execution of the

same, the defendant overreached the plaintiff and intimidated her by statements that he had or could, if necessary, place his property beyond her reach, unless she made settlements with him, and that the same ought to be set aside and canceled."

We have examined the evidence with care and believe that the finding is amply supported.

The trial court had the witnesses before him, and was justified in believing those that appeared to be the most credible. He accepted the statement of Mrs. Montgomery, supported by her daughter and niece, that Mr. Montgomery had frequently stated to her that he had placed his property in such condition that she could not reach it, and that she had better take just what he was willing to give her; that he habitually brought in notices from the papers and reports showing that the wife had been deprived of any alimony in divorce suits; that Mrs. Riggs had gotten $20, and that she would get less; that he had been advised by attorneys that he could place his property beyond her reach; that he had made arrangements with the best firm of lawyers in Oklahoma City, by which he could merely telephone to them and his property would be placed beyond her reach; that she was wholly inexperienced in business, that her husband was a shrewd and successful business man, etc. These parties occupied a confidential relation. The husband was an experienced and successful business man. He had for many years controlled the affairs and property of the parties. In dealing with and making a settlement with his wife, the law, good morals, and good conscience required that he act with scrupulous fairness. The court did not believe he had fully discharged this duty, nor does this court.

It is stated in 25 A. & E. Ency. of Law, at page 474, as follows:

"A separation agreement procured by fraud or duress or voidable upon other equitable grounds is subject to rescission and cancellation in equity the same as any other contract. Where the agreement is executed directly between husband and wife it is also subject to the rules which control the contracts of persons occupying confidential relations, and is not binding upon the wife unless it is just and equitable in view of all the circumstances existing at the time when it was executed."

The relation of husband and wife existing, the contract was executed between the parties occupying a confidential relationship, and the burden is upon the husband to establish that it was entirely fair and equitable. *Cheuvront v. Cheuvront,* 54 W. Va. 171, 46 S. E. 233; *Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657; *Switzer v. Switzer,* 26 Grat. (Va.) 574. Mr. Justice Story, in his work on Equity Jurisprudence, vol. 1, p. 218, says:

"But by far the most comprehensive class of cases of undue concealment arises from such peculiar relation of fiduciary character between the parties. Among this class of cases are to be found those which arise from the relation of * * * husband and wife. * * * In these and the like cases, the law, in order to prevent undue advantage from the unlimited confidence, affection, or sense of duty which the relation naturally creates, requires the utmost good faith (*uberrima fides*) in all transactions between the parties. If there is any misrepresentation or any concealment of a material fact, or any just suspicion of artifice or undue influence, courts of equity will interpose, and pronounce the transaction as void, and the court will, as far as possible, restore the parties to their original rights."

Also in section 307, Mr. Story, in speaking of constructive frauds which arise from some peculiar confidence or fiduciary relation between the parties, says:

"In this class of cases there is often to be found some intermixture of deceit, imposition, overreaching, unconscionable advantage, or other mark of direct and positive fraud. But the principle on which courts of equity act in regard thereto, stands independent of any such ingredients, upon a motive of general public policy; and it is designated in some degree as a protection to the parties against the effects of overweening confidence and self delusion, and the infirmities of hasty and precipitate judgment. Courts will therefore often interfere in such cases, where but for such a peculiar relation they would either abstain wholly from granting relief, or would grant it in a very modified and abstemious manner."

These parties had lived happily together for many years. They had succeeded financially. The wife brought into the family several hundred dollars her father had given her. Their property was the product of their joint efforts. Late in life, with children nearly grown, dissensions arose which led to the separation. As is usual in such cases, each was partially to

blame. They could not live together in peace and harmony, and the court, on all the evidence, gave the wife the decree and the minor child to raise. The settlement the husband had made with her, under all the circumstances, was inequitable and unjust. It would have left him in plenty and his wife almost in want. This ought not to · be allowed. Ordinarily the man is the stronger and more capable of the two, and far abler to make his way. A woman old enough to have grown children, will find few avenues open to her for profitable endeavor. The court practically divided the property between them. We cannot say its action was either unwarranted or unjust.

The cause should be affirmed.

By the Court: It is so ordered.