**WEIR v. KING.**

No. 13302.

Court of Civil Appeals of Texas. Dallas.

Oct. 30, 1942.

Rehearing Denied Nov. 27, 1942.

Roger Lewis, Hughes & Monroe, and Albert S. Reagan, all of Dallas, for appellant.

J. Frank Wilson and J. Lee Zumwalt, both of Dallas, for appellee.

LOONEY, Justice.

The appellant, Mrs. Cleone Weir, and the appellee, A. A. King, were married in August, 1935, separated in October, 1940, and divorced on April 9, 1941. Prior to the divorce, and in contemplation thereof, the parties entered into a property settlement agreement which was made a part of the divorce decree, and appellant was permitted to resume her former name, that is, Cleone Weir.

About six months after the divorce, appellee filed an intervention in the receivership suit of H. H. Franklin et al. v. Big Indian Syndicate et al., claiming that he should be allowed a bonus for having advanced $1,153 toward the expenses of prosecuting a certain suit styled Big Indian Syndicate v. Grogan et al. in the U. S. District Court at Shreveport, La., which resulted in a recovery of $74,000. On October 13, 1941, before appellee's intervention was acted upon, appellant was also permitted to intervene, in which she claimed that, if the Big Indian Syndicate was indebted to appellee in any sum as bonus, by reason of the facts alleged in his plea of intervention, same constituted part of and belonged to the community estate of appellant and appellee, one-half of which appellant claimed; alleging that in the property settlement between the parties prior to the divorce, the claim asserted by appellee in his plea of intervention was neither disclosed, considered, nor taken into consideration; wherefore, appellant prayed that in the event appellee's claim should be allowed, one-half thereof be awarded to appellant as her community share. Appellee's answer contained a general demurrer, general denial, and a special plea to the effect that appellant was precluded by the property settlement, that became a part of the divorce decree, from asserting any claim to or interest in the cause of action against the receivership, as alleged by the appellee.

On December 1, 1941, the court below allowed appellee's claim in the sum of $1,512.34, as a bonus for the money put up by him for the benefit of the receivership estate, and the receiver was authorized and directed to pay appellee that sum out of funds then on hand, to be charged against the holders or owners of shares or interests in the receivership estate. The facts show that the claim belonged to and was an asset of the community estate of the parties. On December 5, 1941, the court heard and denied appellant's intervention, decreeing that she take nothing by reason thereof; that appellee be discharged from any and all liability by reason of appellant's claim; to which she excepted, gave notice of and duly perfected this appeal.

One of the contentions urged in support of the judgment below is, that certain interested parties appealed from the order allowing the claim in question, hence, pending the appeal, appellant could not base a cause of action thereon. This contention is based on the doctrine that, pending an appeal, the judgment appealed from cannot be offered in evidence in support of a right or defense, or become the basis of a suit. See 26 Tex.Jur. p. 423, Sec. 574. This doctrine, in our opinion, has no application to the instant proceedings. Appellant's intervention is not based upon the judgment in question, and it is not necessary to the establishment of her cause of action against the appellee. The appeal in question (cause No. 13,297 on the docket of this court) was prosecuted by certain shareholders, representing 46½%

interest in the Big Indian Syndicate receivership; they did not contend that the claim in question was improperly allowed, or excessive; in fact, no objection was urged to the claim; the contention being that, the court erred in making the claim a general charge against the estate, instead of against the interest of certain shareholders representing 53½% of said receivership estate. On the 16th inst., this court sustained this contention, reformed and rendered judgment in the following language: "Appellee King's judgment of $1,512.34 is therefore reformed so as to charge his total recovery against the aforesaid 53½ percentage of receivership assets only; wholly excluding therefrom appellants' 46½ per cent. interest in the estate, and it is so ordered."

■ Another contention in support of the judgment is, that the findings and conclusions filed by the trial judge, at the request of appellant, were not excepted to, therefore cannot be called in question on the appeal; hence the judgment should be affirmed. This contention is denied for the reason that, where, as in the instant case, the judgment was duly excepted to and the record contains a statement of facts, the appellant is permitted to attack the findings and conclusions of the court, although no specific exceptions were taken thereto. In support of this proposition, see Voight v. Mackle, 71 Tex. 78, 8 S.W. 623; Johnson v. Masterson Irr. Co., Tex.Civ.App., 217 S. W. 407; Reed v. Murphy, Tex.Civ.App., 276 S.W. 951; 3 Tex.Jur., p. 245, Sec. 162, and p. 594, Sec. 415.

■ The main contention in support of the judgment is that, in view of a separation and divorce, the parties entered into a property settlement agreement, which, being incorporated in and becoming a part of the divorce decree, is immune from collateral attack, hence the court below properly held same conclusive and binding upon the parties. It is undisputed that the claim in question did not enter into the settlement, was not scheduled on the inventory filed by appellee, was never mentioned by him, nor did he indicate any intention to assert the same in the future. It follows, we think, that the right to such claim as between the parties, was not put in issue or determined by the divorce decree.

■■ The record discloses that appellee filed an intervention in the receivership suit on December 13, 1939, claiming certain allowances; which was acted upon by the court on December 27, 1939, and allowed in the sum of $5,000, as follows: $1,153 being the amount of money advanced by appellee to the receiver to be used as expenses in prosecuting a suit in favor of the Big Indian Syndicate against Grogan et al. in the U. S. Federal Court, at Shreveport, and $3,847 for services as investigator, rendered by appellee for and on behalf of the receivership estate. The order making the allowances was neither excepted to nor appealed from by appellee, or any interested party, therefore became final long before the separation and divorce. Although appellee expressed dissatisfaction, claiming he should have been allowed more money, yet he acquiesced in the situation, and told his wife, the appellant herein, "that there would be no more money coming to him" from the receivership estate. These undisputed facts bring the case under the rule announced by Judge Critz in Kirberg v. Worrell, Tex. Com.App., 44 S.W.2d 940, to the effect that a divorce decree awarding particular property to each party does not preclude either party from demanding partition of community property not therein included. In McMurray v. McMurray, 67 Tex. 665–671, 4 S.W. 357, 360, Judge Stayton said: "As to community property, a husband is, in a restricted sense, a trustee for his wife, bound to good faith, and derelict in duty if he conceals knowledge from her necessary to enable her to protect her rights." In the early case of Whetstone v. Coffey, 48 Tex. 269, 276, 277, Chief Justice Roberts, speaking for the Supreme Court, said: "It would seem, that, as between her and her husband, it would be equally reasonable that she should not be debarred of her rights in the community property, where neither she nor he brought the property in question in the suit for divorce."

We think it obvious that the trial court based its decision against appellant on paragraph 6 of the settlement agreement and the finding of fact in connection therewith. The court quoted paragraph 6, as follows: "It is agreed that any property, real or personal, now standing in the name of either party hereto and not herein enumerated, is the separate property of the party in whose name it stands, and each party hereby releases to the other any and all claims to any such property and agrees that he or she will at any time it becomes necessary for title purposes to execute any and

all instruments, and documents necessary to clear the title to the property for the party in whose name the property stands," and in connection therewith, found that there was then pending an application by A. A. King, in the 101st District Court at Dallas, Dallas County, Texas, which, among other things, asked that the bonus or commission in controversy be paid to A. A. King; that, after the divorce decree was entered, A. A. King filed an amended application in this same suit, in which he asked that his recovery of a bonus for advancing certain moneys to the receiver be in a reasonable sum, and upon said hearing the claim was allowed in the sum of $1,512.34, as heretofore stated.

The finding of the court that there was pending at the time of the settlement and divorce, an application by the appellee, asking that the bonus or commission in controversy be allowed, was challenged by appellant as being wholly unsupported by evidence. As heretofore shown, the only other application by appellee for allowance against the receivership estate was filed December 13, 1939, was heard and allowed on December 27, 1939, in the sum of $5,000, as heretofore stated; was acquiesced in by all parties at interest, and became a final judgment. Although dissatisfied with the judgment, and claiming that he should have had a greater allowance, appellee did nothing about it and, in 1939, long before the separation and divorce, told his wife that he was through and there would be no more money coming to him from the receivership estate. In view of these undisputed facts, we think it obvious that, at the time of the settlement and divorce, no such claim was being asserted by appellee or claimed to have an existence. Any doubt on this point is completely put at rest by the very candid statement made by appellee at pages 8 and 9 of his brief, seemingly in order to relieve himself of the imputation of fraudulent concealment; he said, "The divorce agreement and judgment was in April, 1941, and something like six months thereafter, the appellee filed his claim in the receivership suit. The appellant, at the time of the making of the contract and entry of the judgment in the divorce suit, knew that the appellee was dissatisfied and mad about the allowance made by the receivership court. That at that time, neither the appellant nor her attorney nor the appellee believed that any further money could be obtained from the receivership court and in fact, that was the opinion and belief of both parties and both parties acted under this belief." So, in view of the undisputed facts and appellee's own admission, we are driven to the conclusion that at the time of the settlement and the entry of the divorce decree, the claim in question was not being asserted, or in contemplation of being asserted, until later when it was set up in the plea of intervention filed by appellee six months after the divorce decree was entered. If, however, at the time the settlement was made and the decree entered, appellee intended to renew the claim, candor compelled him to make full disclosure to his wife, and a failure to do so would have been a fraud upon her rights. The rule recognized the country over is, that the relationship of husband and wife is peculiarly one of confidence and trust, demanding the utmost good faith and frankness in their dealings with each other—especially is this doctrine binding upon the conscience of the husband with reference to community property, of which he is manager. When either spouse violates such confidence and trust, a court of equity will afford appropriate relief. See Swearingen v. Swearingen, Tex.Civ. App., 193 S.W. 442, 452; Montgomery v. Montgomery, 41 Okl. 581, 139 P. 288, and authorities cited.

It will be observed that paragraph 6 of the settlement agreement set out above provides "That any property, real or personal, now standing in the name of either party hereto and not herein enumerated, is the separate property of the party in whose name it stands" etc. In view of the undisputed facts, we do not think it can be said that the claim in question stood in the name of anyone; while the facts gave to it a potential existence, it was not scheduled as an asset, did not enter into the settlement, was not being asserted at the time and no intention expressed by appellee to prosecute same in the future. Mr. Nelson Phillips, attorney for appellant in the divorce proceedings, explained the purpose of paragraph 6; he said: "The purpose of that clause was my own idea. It was not put in at the instance of anyone except myself, and my purpose in inserting it in the agreement was due to the fact that Mrs. Weir had several pieces of property, particularly real property, she was very nervous, and I was afraid had failed to mention some property—had not included it in her settlement, as she had property standing in the name of both Weir and King and

I wanted to protect her in the future if any title questions came up about property that was not enumerated in the agreement for settlement. That was the purpose of this clause." Mr. Phillips testified further that, while appellee said he had not received from the receivership estate all that he should have gotten, yet he did not assert any additional claim, nor did he intimate that he was going to sue for more.

So we think the conclusion inescapable that, the claim filed by appellee in his intervention six months after the divorce decree was entered, did not stand in the name of anyone, and could only have had a potential existence, therefore was not within the terms of the agreement; besides, when the purpose of paragraph 6, as explained by Mr. Phillips, is considered, to insist that appellant is precluded thereby to assert her community interest in the claim in question, is to pervert the intent and purpose of the paragraph. We are of opinion, therefore, that the court erred in denying appellant's claim to her community interest in the property, hence the judgment below is reversed and judgment here rendered in her favor, as prayed.

Reversed and rendered.