291 P.2d 290

Austine PROPHET, Plaintiff-Respondent,

v.

Dallas PETERSON and Mrs. Dallas Peterson, husband and wife, Defendants-Appellants.

No. 8284.

Supreme Court of Idaho.

Dec. 13, 1955.

Robert M. Kerr, Jr., Blackfoot, for respondent.

Merrill & Merrill, Pocatello, Cox, Ware & Stellmon, Lewiston, for appellants.

KEETON, Justice.

Appellant Dallas Peterson and respondent. Austine Prophet were formerly hus-

band and wife, having married September 16, 1938. On June 18, 1950, appellant secured a default divorce from respondent on the grounds of mental cruelty. On September 30, 1950, Austine married Don Prophet. Dallas Peterson remarried August 21, 1951. "Appellant" as hereinafter used, refers to Dallas Peterson.

During the marriage of respondent and appellant, certain community property, real and personal, was acquired. The divorce complaint alleges:

"that all community property rights and claims have been finally agreed upon and settled between the parties hereto, and that a complete disposition thereof has been made."

There was no specific allegation describing the community property or the terms of the alleged property settlement. Hence the trial judge did not approve any property settlement or enter any decree relative thereto, except a general finding "that the allegations of plaintiff's complaint are proved."

On June 9, 1950, respondent deeded, by two several deeds, the community real property to appellant. The deeds were prepared and signed in the office of appellant's attorney.

Subsequent to her marriage to Mr. Prophet, respondent, on May 8, 1952, brought this action against Dallas Peterson and his present wife, to set the deeds aside and have them declared void for numerous reasons alleged; also, that her interest in said community personal property be adjudicated and she be declared to be the owner of one-half interest in all of such real and personal property.

In an answer and cross complaint appellant claimed that part of the property in dispute was, in fact, his separate property, and further pleaded the deeds from respondent to him as his source of title in the real property, and prayed that respondent take nothing and title to the property in question be quieted in him. Trial was had and the court made findings of fact and conclusions of law, and entered a decree in favor of respondent. Appeal was taken from the decree.

The court found that the real and personal property, the subject matter of the litigation, was community property; that the claimed division was unfair and inequitable and resulted in an advantage of the husband over the wife; that respondent had been deceived and misled; further that respondent received no consideration for the execution and delivery of the deeds; that she was ignorant of her rights; had no attorney to advise her nor funds to employ one; that she acted without benefit of counsel; that the relationship which existed at the time the deeds were signed and delivered was fiduciary in character; and that certain representations had been made by appellant to induce her to sign and deliver the deeds; that upon the dissolution of the marriage the parties became tenants

in common of all such community property, and appellant should account to respondent for one-half of the community property, together with the income, rents, issues and profits.

The rights of the wife in and to the personal property in dispute were never settled, by agreement or otherwise. Such personal property consisted of a 1949 Ford car, a cow, six calves, a tractor and other farm machinery, household goods, furniture and fixtures.

Prior to June 9, 1950, the date the deeds were made, one of the parcels of real estate had been sold to Pete Coumerihl. Respondent had joined in the contract, and at the time of the divorce there was an unpaid balance of $2,500.

Subsequent to the divorce numerous articles of personal property were sold by appellant for $600; and $1,500 had been collected by him on the contract with Pete Coumerihl.

The case therefore presents a situation in which, on the dissolution of the marriage, the husband received all of the community real property by virtue of deeds from the wife, and all of the community personal property without any settlement with the wife relative thereto.

The purported settlement was never presented to the trial judge in the divorce proceeding for his approval and until this action was brought he had not been advised and knew nothing of the real situation.

In numerous assignments of error appellant challenges certain findings of fact and conclusions of law and contends generally that before the deeds can be voided and the alleged property settlement set aside, respondent should place, or offer to place, appellant in status quo; that the action should be one for damages; that respondent's case has not been proved by clear and convincing evidence; that a confidential relationship at the time the deeds were made did not exist; that the rights of respondent, if any, have been barred by laches.

Controversies over property settlements made between husband and wife, and conveyances from the wife to the husband prior to the granting of a divorce, have usually arisen in the divorce proceedings, and in such divorce proceedings it has been generally held that such conveyances or settlements unfavorable to the wife may be examined and a determination of the equities and rights made by the trier of the facts.

Where such post-nuptial settlement is present and relied upon as a determination of the property rights and such agreement is challenged on the ground that it is unfair, inequitable or fraudulent, the burden is on the husband to establish its fairness and equitability, and it is not binding on the wife unless it is just or equitable in view of the circumstances existing at the

time of its execution. DeCloedt v. De-Cloedt, 24 Idaho 277, 133 P. 664; Montgomery v. Montgomery, 41 Okl. 581, 139 P. 288; Smith v. Smith, 71 Ariz. 315, 227 P.2d 214, Syl. 7; 17 Am.Jur. (Divorce) 544, Sec. 724, and 554, Sec. 738; 27 C.J.S., Divorce, § 301, p. 1157. For collection of authorities see 5 A.L.R. 823.

In the situation before us it was established that the wife during part of the time of the marriage worked and contributed her earnings for the benefit of the community. The improvements on the real property and the purchase of all personal property in litigation were made with community funds. In the purported property settlement she was awarded nothing. The only adjudication of her rights was determined in the present proceedings. The parties by their actions deprived the trial judge, in the divorce proceedings, of his then right to apportion the community property and settle the property rights.

■ The fact that the divorce was granted due to the fault of the wife would not in itself be sufficient to deprive her of any part of the community property. Such community property could be divided by the trial court as he may, from the facts in the case and the condition of the parties, deem just. Sec. 32-712, subd. 1, I.C.

■■ The trial court having been deprived of the right to settle the property rights in the divorce proceeding, the rights of the parties in and to the community property should now be adjudicated as of the time of the divorce. At that time respondent was, and still is, entitled to a share.

■ There is some contention that a part of the real estate was not community property, but was the separate property of the husband. The trial court, in our opinion, correctly found otherwise.

■ Subsequent to the divorce the real property had not been conveyed and there are no rights of third parties to be considered, nor has the husband been placed in a disadvantageous position because of the delay in settling the property rights. While there was some delay in bringing this action subsequent to the time of the granting of the divorce, no prejudice was shown. A mere delay, or lapse of time, which works no prejudice or disadvantage to the defendant will not bar the plaintiff from her right to relief. 9 Am.Jur. 390, Sec. 47. We hold, under the facts proved in this case, that this action was brought within a reasonable time.

In the divorce proceedings the children were awarded to the custody of appellant and became his sole responsibility for training, care, necessaries and education. See Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645. It was respondent who caused the separation and discontinuance of the marriage relationship. Subsequent to the divorce respondent has contributed nothing

of value to the community property which existed at the time the divorce was granted.

We are unable from the record to determine the value of the community property which existed at the time the divorce was granted and have concluded that an equitable settlement, under the facts presented, would be to grant appellant a two-thirds interest in such community property and respondent a one-third interest.

 This Court may revise the distribution of community property made by the trial court. Sec. 32–714, I.C.; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669.

 The trial court will determine the value of the community property at the time the divorce was granted and for that purpose may hear further evidence if he or either of the parties so desires. The decree should award respondent one-third of the value of all such community property as it existed at the time the divorce was granted, without any accounting for subsequent rents, issues, or profits, and without interest. Judgment against appellant for the amount so determined will be entered. The amount found due respondent shall be secured by a lien upon all community property still in the possession of appellant, and title to the real estate quieted in appellant subject to respondent's lien. The trial court may, in his discretion, allow appellant a reasonable time to pay the judgment so entered before execution is issued.

The decree is vacated and the cause remanded and proceedings will be had and decree entered in accordance with this opinion. No costs allowed.

TAYLOR, C. J., and PORTER and SMITH, JJ., concur.

ANDERSON, J., concurs in the conclusion reached.