## MANN v. MANN.

No. 18906. Opinion Filed March 5, 1929.

R. E. Simpson and J. C. Evans, for plaintiff in error.

R. K. Robertson, for defendant in error.

HERR, C. It appears that on the 10th day of December, 1925, Porter M. Mann, by virtue of a decree entered in the superior court of Okmulgee county, was divorced from his wife, Bertha L. Mann. Property rights as between the parties were also adjusted by the decree.

It is shown by the record that at the time of the marriage, Bertha L. Mann owned in her own right, she being a Creek Indian citizen, 160 acres of land located in section 34, township 17 north of range 8 east, in Creek county; also an undivided one-fourth interest in 160 acres in the same section which she inherited from her mother.

It is further disclosed that at the time of marriage, plaintiff owned a house and lot in the city of Okmulgee; that at the time the decree was rendered plaintiff held in his own name 80 acres of land, 40 acres in Okmulgee county and 40 acres in Creek county. This 80 acres, however, was acquired after marriage and was purchased from the profits derived from the separate estate of defendant, Bertha L. Mann.

Other property was acquired by the parties subsequent to the marriage, but we deem it unnecessary to a decision in this case to set the same out in detail. The actual value of these various tracts is not disclosed by the record.

Prior to the filing of the petition for divorce, the parties entered into a written stipulation settling property rights and dividing the same between them. This stipulation, after providing in one paragraph thereof the defendant was to retain in fee simple all her separate estate, later in the stipulation and in a different paragraph thereof, and when dealing with other property, provides that plaintiff shall have and retain a one-third royalty interest in and to said premises and that the minor son of plaintiff and defendant should also have a one-third undivided royalty interest thereto. Under this stipulation, plaintiff retained in full fee-simple title to all land held in his name at the time of the filing of the suit and defendant in no manner participated therein. The other property acquired by the parties subsequent to the marriage was equally divided between plaintiff, defendant and their son. Decree was entered in accordance with this stipulation.

On September 10, 1926, defendant filed her petition in said court seeking to modify said decree, in so far as the same settles property rights between the parties, on the ground of fraud and misrepresentation on the part of plaintiff in obtaining the property settlement, the fraud alleged being that plaintiff represented that he had influence over the court and unless defendant signed the stipulation and refrained from contesting the divorce, the court would take away from her all of her property and give same to plaintiff; that plaintiff led her to believe that he had advance information from the court as to the decision in the case and that unless she signed the stipulation she would get nothing.

Defendant further alleges that the property settlement is unfair, inequitable, and unjust; that such settlement deprives her of her separate property and gives an interest therein to the plaintiff.

The trial court held the evidence insufficient to sustain this specific allegation of fraud, but found that plaintiff overreached the defendant and by false representations caused her to execute the stipulation in question; that defendant was led to believe that she was to be awarded her separate property free and clear of any rights or interest therein to plaintiff, and that plaintiff was to have his property, held in his own name, free from any claim of defendant; that the stipulation was misleading, uncertain, and ambiguous in that it first recited that defendant was to retain her separate property in fee simple, but that thereafter in a different paragraph and in describing certain other property which was to be divided between the parties, certain royalty interests were given to plaintiff and to the minor child of the parties; that such clause was inserted in the instrument without the knowledge or consent of defendant.

The court further found that there was no meeting of minds as to this part of the stipulation and that defendant, at the time she signed the same, believed that she was retaining all her rights in her separate estate. The decree was, by the court, modified by giving to each party the property owned and held by them at the time suit was filed. Plaintiff appeals.

It is first contended that the court erred in modifying the decree as entered; that the specific allegation of fraud pleaded by the defendant was not established by the evidence; that relief was granted on a theory not raised by the pleadings.

It is true, defendant does not allege that the stipulation signed by her did not, in fact, contain the agreement actually entered into between the parties, but evidence was

admitted without objection tending to show that the written agreement signed by the parties was materially different from the agreement actually entered into between them and that the manner in which the instrument was drafted was calculated to deceive. In these circumstances the petition will be here treated as amended to conform to the proof.

After testifying that she signed the stipulation because of the threats above specified, made by plaintiff, and after testifying that plaintiff told her that she would be fairly treated in the property settlement, defendant testified:

"Q. You were to get one-third? A. Yes. Q. Was that the agreement you were supposed to have? A. Yes, sir. Q. And the child one-third? A. Yes. Q. And he one-third? A. Yes. Q. Does that include the allotment? A. No, he claimed the home place, the boy's half he had, you know; I was to take my 100 acres separately. Q. Take your 100 acres separately? A. Yes, my farm. Q. Did you take your 100 acres separately in the stipulation? A. No, I did not. Q. He just took one-third of your 100 acres? A. One-third of the royalty. Q. Why did you let him take it? A. I didn't know anything about reading the numbers of land: I thought he was dividing it equally. * * * Q. Now, then, out of that land, they had you deed a third of the royalty to Porter Mann, didn't they? A. Yes. Q. They had you give a deed to one-third of the royalty to the boy? A. Yes. Q. That left you with the surface right, and a third of the royalty on the land? A. Yes, and have to pay those high taxes on it. Q. You state it was your understanding you were to receive all your own land? A. Yes."

The stipulation, as before stated, in one paragraph thereof recited that defendant was to have and retain in her own right all her separate estate. The stipulation, then, in a different paragraph when dealing with other property, provides that both plaintiff and the minor son of the parties were to have and retain an undivided one-third royalty interest each in and to said property. We can readily see that defendant, not being trained in reading legal land descriptions, might have been easily deceived by the manner in which this royalty reservation was inserted in the instrument.

Plaintiff, of course, denies that any deception was practiced, and testifies that defendant fully understood the nature of the stipulation at the time the same was signed by her. The trial court, however, found against the plaintiff on this issue, and we cannot say that this finding is against the clear weight of the evidence.

The record discloses that the defendant was represented by counsel in the original action, and it is argued that no unfair advantage was taken; that counsel was given every opportunity to examine the stipulation and that there is, therefore, no basis for the finding of the trial court that the defendant was overreached. Harland Carter, at said time, represented said defendant, and testified as follows:

"Q. Mr. Carter, in your representation of Bertha Mann in this case, it was under the understanding she and Porter had reached an agreement between themselves, was it not? A. Yes, sir, absolutely. Q. And the agreement submitted to you, you believed was the agreement made? A. Yes, sir. Q. You didn't go into the agreement, item for item? A. I did not, wasn't employed to do that. Q. You didn't pay much attention as if you had been employed to negotiate the settlement? A. If I had been employed to divide their property, I would have gone into it. Q. You understood this to be a formal matter? A. That was all."

Mr. Carter further testifies that after defendant discovered that two-thirds of her royalty in and to her separate property was taken from her by the stipulation and decree, she employed him to file a motion to modify the decree, but that such motion was dismissed for the reason that the proceeding to modify should have been by petition and summons and not by motion; that thereafter defendant employed other counsel to bring this proceeding.

Under these circumstances, we do not consider the fact that defendant was represented by counsel in the original action conclusive against her in this proceeding.

The settlement was manifestly unfair. Defendant took no rights whatever in and to the property held by plaintiff, while plaintiff, notwithstanding the fact that all property held by him, except the house and lot in Okmulgee, was acquired from proceeds arising from the separate estate of defendant, took a one-third royalty interest in and to her separate property. In these circumstances, the court, sitting as a court of equity, was well within its rights in setting this settlement aside.

In speaking of the marriage relation and the confidential relation existing between husband and wife by reason thereof and in a divorce proceeding wherein property rights were settled and adjusted, this court, in the case of Holt v. Holt, 23 Okla. 640, 102 Pac. 187, says:

"In consequence thereof, the rule is thoroughly established that, wherever such re-

214

lationship exists, undue influence, or rather the ability to exercise undue influence, is implied by virtue thereof, and, while neither equity nor the law denies the possibility of valid transaction between the parties, yet whenever one of the parties obtains a possible benefit from a mutual transaction, equity raises a presumption against its validity, and casts upon the party asserting it the burden of proving affirmatively his compliance with equitable requisites to thereby overcome the presumption; and the court will not allow any transaction between such parties to stand when assailed, unless there has been the fullest and fairest explanation and communication between them, and absolute good faith and fairness in the party who seeks to establish the contract with the person so trusting him."

Then quoting from Cooley on Torts, the courts says:

"Any undue advantage gained by the use of the marital relation is a legal fraud on the wife which courts of equity will not allow to stand to her prejudice."

The court states:

"Whenever this fiduciary relationship or undue influence, either one or both, are made to appear in any case, and an inadequate or hurtful contract is entered into by virtue and under the operation thereof, the injured party, by timely, proper action, will always be given relief. Such is the law as declared by law writers and courts in as many cases as the situation has presented itself."

In the case of Wooden v. Wooden, 113 Okla. 81, 239 Pac. 231, this court says:

"The relation of husband and wife is one of special confidence and trust, requiring in their dealings with each other the utmost good faith and frankness. Where either one is false to the other and fraudulently or through coercion procures an unjust advantage, chancery will relieve against the transaction."

It is further contended that the petition is defective for the reason that it failed to allege a valid defense to plaintiff's cause of action for divorce. This contention is not well taken. Defendant is not seeking to set aside the decree granting the divorce, but is simply seeking to modify the same in so far as it affects the property settlement. In order to obtain such modification, it was not necessary to set up a defense to the action for divorce. The decree settling property rights could be modified without, in any manner, interfering with the decree granting the divorce. West v. West, 134 Okla. 226, 273 Pac. 209.

Because of the confidential relationship existing between the parties, it having been shown that the property settlement was apparently unfair, on its face, the burden was on plaintiff to prove good faith and that no unfair advantage was taken in procuring the same. This burden he failed to meet. The trial court, therefore, properly modified the decree in this respect.

Judgment should be affirmed.

DIFFENDAFFER, JEFFREY, LEACH and HALL, commissioners, concur.

By the Court: It is so ordered.

Note.—See "Husband and Wife," 30 C. J. §313, p. 712, n. 14; §838, p. 1061, n. 34.