### BURTON v. BURTON.
No. 26595. April 7, 1936.

J. D. Lydick and Curtis P. Harris, for plaintiff in error.

Butler & Brown, for defendant in error.

RILEY, J. This is an appeal from an order sustaining a demurrer to a petition to set aside a decree of divorce and a judgment dismissing the petition.

From the record it appears that plaintiff in error on March 7, 1935, filed a petition for divorce in the district court of Oklahoma county against defendant in error. Therein she alleged that she had been a bona fide resident of Oklahoma for more than one year next preceding the filing of said petition, and was at that time a resident of Oklahoma county; that defendant had been guilty of extreme cruelty and gross neglect of duty toward plaintiff so as to make their life as husband and wife unbearable to the plaintiff; that at the time of their marriage defendant was possessed of considerable property, but that she had no separate estate; that since the said marriage the parties had acquired other property; that plaintiff was unable to state the exact value of all the property, but that the approximate value thereof was then $25,000; that she was not a business woman and did not desire a division of the property, but requested the court to grant her a sufficient sum as would adequately and equitably represent her alimony or division of property or both; that the family owned two automobiles, one of which was a Buick, which she asked to be decreed to her. In addition she asked that she be allowed an attorney's fee of $150.

On March 9th, defendant filed a waiver of issuance and service of summons and entered his general appearance.

On March 11, 1935, the court entered a decree of divorce, wherein specific findings were made that plaintiff at the time of filing said petition was a resident of "this county." The decree awarded plaintiff the Buick automobile, $5,000 payable $25 per month as her just part of the division of property, and $5,200 payable at the rate of $25 per month, as alimony, and $150 attorney's fee.

On May 22, 1935, and during the same term of the court, plaintiff filed her petition to vacate said judgment and decree. Therein she alleged that the court had no jurisdiction of the subject-matter in the original action and no power to render therein the judgment or any part thereof, and that said judgment was obtained by defendant, as the successful party, by fraud practiced upon the court and fraud practiced upon plaintiff. It is alleged that said decree was obtained by fraud and coercion practiced by defendant upon the plaintiff.

Plaintiff sets out at great length allegations of fact relating to the charges of fraud upon the court and fraud and coercion against her in the matter.

In substance she alleges that at the time said proceedings were had, both she and the defendant were bona fide residents of Cleveland county, Okla., and had been for many years; that plaintiff was not then and had not been for a long time a resident of Oklahoma county; that approximately two weeks before the petition for divorce was filed, defendant had said to her that she must obtain a decree of divorce from him and a property settlement; that she must bring the action in Oklahoma county, in order that less publicity be given in the matter in the county of their residence; that against her will she yielded to the demand of her husband; that he ordered her to remain away from her own attorney and not to consult with any attorney of her choice; that he brought her to the office of his attorney in Oklahoma City; directed that the proceedings be begun and commanded her to permit his attorney to represent her in said proceedings, and made arrangements accordingly; that he said to her that unless she complied with all the aforesaid demands, and others later detailed, she would be turned out of their home without money, property, or support, and would be deprived of all claims thereto; that she was without money or means of support, and without money to employ counsel, and because she feared the defendant would carry out said threats she yielded to his demand and proceeded in the matter as directed; that the petition was prepared by defendant's attorney, and presented to her for her signature; that when it was called to her attention that it had the allegation therein, plaintiff "is at this time a resident of Oklahoma county," she objected to signing same with said allegation, whereupon, defendant being present, he and his attorney directed the plaintiff should bring a bag with a few clothes therein and come to Oklahoma City and stay with some friend until the decree was obtained, and if she would do so, such act would constitute her a legal resident of Oklahoma county and would satisfy the law as to residence; that she feared to disobey her husband's orders in the matter and consented to such arrangement, which was carried out accordingly.

Relative to her charge that said decree was obtained by fraud practiced upon plaintiff, she alleged that on March 7, 1935, the day the petition for divorce was filed and at the time she signed same, defendant's attorney presented to her an instrument entitled "Decree of Divorce"; he informed her that this was the decree he would have the judge sign; that the decree which was finally signed was identical therewith; that at the same time said proposed decree was shown to her, defendant and his attorney represented to her that in order for her to obtain a decree such as was presented to her, decreeing her $5,000 as a division of property and $5,200, payable monthly at the rate of $50 per month, alimony, it would be necessary that she then and there sign an agreement to the effect that in case she should marry any man other than defendant, the decree and judgment would stand satisfied and no further money would be paid thereon; that at the request of defendant's attorney and the demand of defendant she approved the proposed "Decree of Divorce." The agreement, dated March 11, 1935, was signed and provided:

"This agreement made and entered into this 11th day of March, 1935, by and between Gertrude Burton and N. S. Burton, Witnesseth that:

"In consideration of the sum of One and No/100 ($1.00) Dollar, and other good and valuable things in hand paid to Gertrude Burton by N. S. Burton, it is agreed by Gertrude Burton that when and if she shall marry any man other than N. S. Burton, then and thereupon any judgment or de-

cree for alimony or division of property heretofore awarded her against N. S. Burton, shall become immediately satisfied in full, and the said N. S. Burton shall thereafter be no longer in anywise bound or charged therewith in this respect. Particular reference is made to that certain judgment and decree of the court entered in Cause No. 18045-D on the 11th day of March, 1935, in the district court of Oklahoma county, wherein Gertrude Burton was plaintiff and N. S. Burton was defendant.

"Done and signed at Oklahoma City, Oklahoma, this 11th day of March, 1935."

She then alleged that the effect of said agreement was to modify the decree and judgment in such a way as to make it void for uncertainty; that no mention of said agreement was made in the decree; that this was designedly so and intended to and did deceive the court and was a fraud upon the court in that the court was induced to and did sign a decree which, when taken in connection with the above agreement, became and was void, particularly as to the provision for alimony, in that the amount was made uncertain, dependent upon the contingencies specified in the agreement, though not mentioned in the decree.

She further alleges, in substance, that defendant fraudulently and falsely represented to her that he had no income from his properties; that he was financially depressed, and that all of his tools, machinery, and equipment used in connection with a drilling company in which he was interested were about to be taken and sold for taxes; that in truth and in fact defendant was at the time worth approximately $100,-000 instead of $25,000; that as a result she was fraudulently induced to approve judgment and decree providing an unjust and inadequate division of property, and but for the fraudulent representations of defendant and the threats made she would not have instituted the proceedings for a divorce and would not have approved the property settlement as provided in the decree.

She further alleged that she was the holder of two life insurance policies, one of which has a cash surrender value of $800, and the other has a cash surrender value of $5,840; that in the discussion of their property settlement she informed defendant that she would not be willing to surrender said policy or permit him to take the surrender value thereof or any interest therein; that when she approved the decree she understood that it did not deprive her of said policies or of the right to surrender same and receive the cash surrender value, but since the decree was entered defendant is claiming that by the terms thereof and under a clause therein which provides "that all the property of the parties, save and except the Buick 1934 model Sedan, be set apart and awarded to defendant," he is now the owner of said policies and entitled to surrender same and receive the cash surrender value thereof.

The prayer is that the decree of divorce be set aside and held for naught, and that the cause be dismissed for want of jurisdiction, and in the alternative in the event the court is held to have had jurisdiction, the decree and property settlement be set aside, and for such other relief as to the court may seem proper.

Defendant demurred to the petition upon the sole ground that it "does not state facts sufficient to constitute a cause of action."

The trial court sustained the demurrer, and in connection therewith made certain findings and conclusions of law.

The order sustaining the demurrer, after reciting in substance what the record shows, says:

"In this petition the plaintiff pleads the fact of the rendition of the judgment on March 11, 1935, sets out in full the decree of the court, and alleges numerous reasons why the court should vacate said judgment, said reasons being substantially, to wit: That the court had no jurisdiction over the subject-matter of the action, or power to render the judgment rendered, or any part thereof, because of the fact that when judgment was rendered, and prior thereto, she and the defendant Burton were bona fide residents of Cleveland county, Okla., and were not and had not been residents of Oklahoma county; that she had been compelled to go through with the said divorce proceeding by reason of the threats of the defendant; that said decree was obtained by fraud practiced upon the court, and upon the plaintiff, by the defendant.

"A reading of this petition shows that the plaintiff actively participated in all the things that were done, both prior to the decree and at the time of the hearing had in open court and the rendition of judgment.

"This judgment is not void, because it does not appear to be void on the face of the record.

"The decree is not void by reason of nonresidence of the plaintiff in this county, even if that be a fact. Since the decree is not void and since the petition was filed during the term, under the statute providing for

the vacation of judgments, it may be avoided if facts exist which would justify the court in so doing. These facts do not exist in this case. The plaintiff was an active party to this transaction and cannot now tell the court that she was defrauded in open court when she was perpetrating the acts of which she complains.

"It is therefore, ordered, adjudged and decreed, that the demurrer to the petition be and the same is hereby sustained, with exceptions to the defendant."

Plaintiff elected to stand upon the petition, and the same was dismissed.

Plaintiff appeals and asserts that the court erred in sustaining the demurrer and in dismissing the petition.

The sole question is whether or not the court erred in sustaining the demurrer.

A statement under the style and number of the case, signed by the trial judge and filed in the case, points out certain authorities upon which the court apparently relied in sustaining the demurrer.

Many cases are cited in the briefs by both parties relative to the question of what fraud alleged to have been practiced upon a court is sufficient to justify a vacation of a judgment obtained as a result thereof. The general rule appears to be that when fraud upon the court is relied upon it must be, in order to warrant a vacation of a judgment, what is termed "extrinsic fraud." This is fraud extrinsic the issues, or aside and apart from the issues presented to and decided by the court.

The contention of defendant in error is that all allegations of fraud practiced upon the court contained in plaintiff's petition are of and concerning alleged intrinsic fraud, that is, matters which were necessarily in issue before the court in the divorce case and decided by it. That is, that plaintiff in her petition alleged that at the time same was filed she was a resident of Oklahoma county; that the court made a specific finding to that effect, and it will be conclusively presumed that the court heard evidence on that question, and therefore the same question cannot properly be relitigated in a proceeding to vacate the decree.

It has been held that a party may not procure a decree of divorce by means of fraud practiced upon the court in falsely alleging, and by perjured testimony proving, residence in state and county where the action is commenced, and thereafter, when it appeared possible to obtain a more favorable decree, have the decree set aside because of such fraud.

The general rule supported by reason and justice is that whatever the nature of the fraud, whether intrinsic or extrinsic, a party who perpetrated, or participated in, the fraud, may not thereafter avoid the decree. 19 C. J. 176; Karren v. Karren, 25 Utah, 87, 60 L. R. A. 294; Ferry v. Ferry, 9 Wash. 239, 37 P. 431; Carlisle v. Carlisle, 96 Mich. 128, 55 N. W. 673; Ellis v. White et al. (Iowa) 17 N. W. 28.

In the latter case it appears that when the decree of divorce sought to be set aside was entered, the plaintiff therein was a resident of New York, and that the petition failed to allege residence of plaintiff within the state of Iowa for six months before the suit was commenced as was then required by the law of that state. It was held:

"Where plaintiff in a divorce proceeding authorizes her attorney to institute the suit, and receives and appropriates the amount decreed as alimony, she cannot afterwards be heard to claim that the decree of divorce was void for want of jurisdiction in the court to render it, because the petition did not show that she had been a resident of the state for six months before the suit was commenced."

The rule, however, appears to be subject to some exceptions.

In Richardson v. Stowe, 102 Mo. 33, 14 S. W. 810, and in Crane v. Deacon (Mo. Sup.) 253 S. W. 1068, it is said:

"If the cause of action was vitiated by fraud, it is a defense which must be interposed, and unless its interposition is prevented by fraud, it cannot be asserted to avoid the judgment."

A case in many respects similar to the instant case, on the question of duress, and fraud in procuring the settlement of the amount of alimony, is that of Dennis v. Harris, 179 Iowa, 121, 153 N. W. 343. Therein it was held:

"Evidence, in a widow's suit to set aside a decree of divorce and for the allowance of a distributive share of the property of her former husband, deceased, and if not set aside, for additional alimony, held to show that in bringing the action and obtaining a decree of divorce, and in entering into a stipulation as to alimony, she had acted under the husband's 'duress' (that is, such pressure or restraint as compelled her to act against her will, and virtually to take away her free agency, and destroying her power to refuse to comply with the unlawful demand of another, irrespective of the manifestation or apprehension of physi-

cal force), so that, in a proper case, the decree would be set aside."

The wife had procured a decree of divorce from her husband and after his death commenced the action to set aside the decree, and alleged (1) that in obtaining the decree of divorce she was coerced to do so against her will and by threats of violence on her person, the taking of her life, and that she would be deprived of her interest as his wife and be left penniless, when but for this she would not have instituted or prosecuted the suit, and (2) that he was the owner of property of the value of $90,000, but fraudulently induced her to believe that he was worth much less, and induced her to accept an amount as alimony much less than she would have been entitled to but for such deception. The amount she had accepted as alimony was $15,000 and some personal property. He also paid all expenses of the divorce proceedings, including the fee of the attorney who brought the divorce proceedings, and who was selected by the husband.

In the opinion the rule stated in Phillips v. Chase, 203 Mass. 556, that: "We are of the opinion that, if one so dominates his wife's will as to force her against her will to bring a petition in court for the adoption * * * of his son by a former wife, he commits a gross fraud * * * upon the court: that the decree of adoption should be set aside in a proper case. For that proposition no authorities are necessary," is quoted with approval.

In Lake v. Lake, 124 App. Div. 89, 108 N. Y. Supp. 964, it is held:

"On an application to set aside a judgment of divorce as procured by fraud and duress a prima facie case is established by an affidavit which states that plaintiff brought the action at defendant's request against her own wishes and only after defendant had threatened to abandon her if she refused; that the defendant furnished the plaintiff's attorney with the evidence used and that an agreement to pay alimony was signed at the time the summons was served."

In the opinion it is said:

"The right of a party to the marriage contract to have that contract dissolved by reason of the infidelity of the other party thereto is given as a favor to the injured party. It was never intended to be used as a means whereby the wife should be forced to dissolve the contract. The court, at the request of a wife so desiring, grants a divorce by reason of the infidelity of the husband, but that request must be voluntary. If the wife's request be coerced, if the judgment be obtained upon a request of the wife, which she has been forced to make, that judgment should be set aside by the court which granted the same. The statement of the proposition would seem to be sufficient to its establishment. If aught else be necessary, however, the mischief that would follow any other rule would make such a holding imperative. If any married man can by coercion force his wife to procure from him a divorce that he may marry another woman, or for any other purpose, the insecurity of that relation becomes at once apparent, and the Legislature might better change the rule and grant divorces on request simply than to leave wives subject to coercion, which would be practiced upon them in order that the husband may get his freedom. Where, therefore, it appears to the court that the wife's application has not been free and unrestrained, the judgment of divorce should be annulled."

It is needless to say that the same rule should apply whether the grounds of divorce be infidelity or any other statutory grounds.

In the instant case plaintiff pleads coercion and fraud in the matter of procuring the divorce and arriving at the amount of alimony in terms as strong as in either of the cases cited above. Many other cases might be cited where decrees of divorce were set aside for coercion, but it is sufficient to say that cases of this kind clearly establish the exception to the general rule that a divorce will not be set aside upon the application of the successful party.

Under the well-recognized exception to the general rule, we are of the opinion that the petition of plaintiff to vacate the decree of divorce states a cause of action on the ground of alleged coercion, and that it was error to sustain the demurrer thereto.

The order sustaining the demurrer is reversed and the cause is remanded, with directions to overrule the demurrer.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY and PHELPS, JJ., concur.