## SCHMEUSSER v. SCHMEUSSER.

No. 27412.   Oct. 5, 1937.

R. S. Howe. Hugh M. Bland, and John Howard Payne, for plaintiff in error.

Nowlin & Conner, for defendant in error.

PER CURIAM. This is an appeal from an order sustaining an objection to the introduction of any evidence under a petition to vacate a decree of divorce and judgment dismissing the petition.

From the record it appears that on July 31, 1934, the defendant in error filed in the district court of Oklahoma county an action for divorce against the plaintiff in error. It was alleged in said petition that the parties had theretofore made a property settlement. Plaintiff in error first filed an answer wherein she denied the allegations of the petition and charged that the property settlement referred to by the defendant in error had been obtained from her by fraud, intimidation, and coercion. Plaintiff in error thereafter filed a full and complete cross-petition in said cause wherein the property accumulated by the parties was described with particularity and declared to be of the value of $50,000, and wherein she prayed a division of said property, permanent alimony, and general equitable relief. Answer was a general denial. The cause came on for trial, and the evidence of the defendant in error was heard on October 25, 1934. and that of the plaintiff in error on October 26, 1934. and thereupon the court directed that the plaintiff in error be paid certain temporary alimony and that she amend her cross-petition so as to include a prayer for divorce. The cross-petition was amended as directed and filed in said court on December 31, 1934, and on the same day a decree of divorce was granted the plaintiff in error and the property settlement was approved and a division of property and alimony was awarded the plaintiff in error. The defendant complied with this decree and the plaintiff in error received and accepted its benefits. It appears that in the divorce proceedings the parties were represented by counsel and the action was contested, and that in said connection the plaintiff in error had the advice and counsel of able attorneys of her own choosing who approved the journal entry of judgment. Thereafter plaintiff in error obtained new counsel and on January 13, 1936, filed a petition to vacate said judgment. Therein she alleged that said judgment and decree was void for the reason that it had been rendered without the proof required by section 679, O. S. 1931, and further alleged that the decree had been obtained by the defendant in error as the successful party by fraud practiced upon the court and fraud practiced upon the plaintiff in error. The allegations of fraud contained in the petition were in substance that the plaintiff in error was not in court after filing her amended cross-petition and did not testify in support thereof, and that the statements to this effect in the judgment were false, and further that fraud had been practiced upon the court and the plaintiff in error in that the defendant in error had misrepresented the condition of certain royalties which had been deeded to her and also the extent of his wealth, and that but for such misrepresentations she would not have entered into the property settlement nor have accepted the decree in her favor. To this petition there were attached as exhibits copies of the amended cross-petition and of the decree in the divorce action. Defendant in error demurred to the aforesaid petition, and when his demurrer was overruled. answered and therein renewed his demurrer and pleaded estoppel and res adjudicata. When the matter came on for hearing, the defendant interposed an objection to the introduction of any evidence under the petition of the plaintiff in error. This was sustained. Plaintiff in error then offered to prove that she

was not present in court on the day the divorce decree was entered and that the same was rendered without any evidence being offered under her amended cross-petition. This offer was denied by the court, and thereupon the petition was dismissed and this appeal prosecuted.

The plaintiff in error states in her brief that she is not seeking a vacation of the divorce decree. She thereby abandons all contentions with respect to the invalidity of the judgment and error, if any, in excluding the proffered evidence, since the proof required by section 679, O. S. 1931, has reference only to decrees of divorce. There remains for consideration only the question of whether or not the court erred in sustaining an objection to the introduction of any evidence under the petition. Objection to the introduction of any evidence under a petition is equivalent to a demurrer to the petition. Schultz v. Jones, 3 Okla. 504, 41 P. 400. Therefore, if the petition contained any statement of a cause of action, it would be good against a general demurrer. Emmerson v. Botkin, 26 Okla. 218, 109 P. 531, 138 Am. St. Rep. 953. As has been previously observed, the petition charged that the divorce had been granted without the required statutory proof, and in addition thereto it was charged that the defendant in error had been guilty of misrepresentation with respect to the extent of his property and certain specific property which had been awarded to the plaintiff in error. The only specific fact charged was the failure to take proof before granting the decree. The exhibits attached to the petition conclusively established the fact that the evidence of the parties was heard fully on the 25th and 26th day of October, 1934, and that the plaintiff in error was permitted to amend her petition so as to include a prayer for divorce therein. It was not necessary that any further evidence be heard by the court upon the pleading being amended to conform to the proof. The judgment was properly entered by the court. The allegations of the petition were at fatal variance with the exhibits which were attached thereto. Under such circumstances the exhibits control. First National Bank of Arkansas City v. Jones, 2 Okla. 353, 37 P. 824; Mason v. Slonecker, 92 Okla. 227, 219 P. 357.

While a decree of divorce may be va-cated, if good grounds exist, in an appropriate proceeding instituted for that purpose (Rodgers v. Nichols, 15 Okla. 579, 83 P. 923; Holt v. Holt, 23 Okla. 639, 102 P. 187; Clay v. Robertson, 30 Okla. 758, 120 P. 1102; Butler v. Butler, 34 Okla. 392, 125 P. 1127; Crow v. Crow, 40 Okla. 455, 139 P. 122; Wooden v. Wooden, 113 Okla. 81, 239 P. 231; Burton v. Burton, 176 Okla. 494, 56 P. (2d) 385, 104 A. L. R. 728); and an action to modify a divorce decree on the ground of fraud and division of property may be maintained without the necessity of alleging a defense to the divorce action (Mann v. Mann, 135 Okla. 211, 275 P. 348), nevertheless it is essential that facts entitling the party to the relief sought be alleged in a petition to vacate such judgment before any relief may be granted thereunder. The allegations of the petition of the plaintiff in error were at fatal variance with the exhibits attached thereto, and not only wholly failed to allege any facts which would have justified vacation of the decree, but affirmatively established its validity. The absence of any fraud, intimidation, or coercion in connection with the transaction also affirmatively appears. Under such circumstances, the court should have properly sustained the demurrer to the petition, and failing to do so, correctly sustained the objection to the introduction of any evidence thereunder. There is no error.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.