GREEN v. GREEN.

No. 31520. Oct. 24, 1944.

Rehearing Denied Nov. 14, 1944.

*152 P. 2d 910.*

Ted Foster, of Oklahoma City, for plaintiff in error.

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for defendant in error.

PER CURIAM. On the 7th day of November, 1942, Caroline Seamans Green, hereinafter referred to as plaintiff, commenced an action to vacate a judgment and decree of divorce against Tom L. Green, the defendant. Judgment was for the defendant, and plaintiff appeals.

The substance of the allegations and the proof is that plaintiff was married to the defendant in January of 1940, and obtained a divorce on her petition filed November 22, 1940, and a decree entered November 25, 1940. She had been married to a former husband, Dalton, and obtained a divorce from him. She has one child by the former husband, a daughter 16 years old at the time of the trial on the proceeding to vacate the judgment. It is her testimony that she did not want a divorce; that her husband, the defendant, told her that he would not live with her, and that pursuant to his wishes she agreed to file the petition for divorce. On or about October 15, 1940, he submitted a contract for a property settlement which she took to her attorney, who advised her not to sign the same. Defendant then submitted a second contract to her, which she submitted to her attorney and which she signed. The decree was based on the contract which provided for $22,500 payable at the rate of $200 per month with a provision therein for the payment of $2,500 off the latter end thereof, said payment to be made within a certain time. She alleged and testifies to the fact that Vernon Cook, who obtained the divorce for her, was hired by the defendant. The trial court found that Vernon Cook represented the plaintiff.

Plaintiff presents three propositions. It is first argued that the evidence shows a course of conduct adopted and prosecuted by the defendant which was coercive and constituted duress and fraud. The evidence shows that plaintiff was presented with two different contracts and signed the latter after

submitting the same to counsel of her own choice. The trial court made specific findings of fact and concluded that there was no fraud practiced by the defendant against the plaintiff, and we are of the opinion, and hold, that this finding is amply sustained by the evidence.

In Adams v. Adams, 30 Okla. 327, 120 P. 566, we held that in causes of purely equitable cognizance, on appeal, this court will examine the evidence, but will not disturb the findings of the trial court unless they are clearly against the weight of the evidence. See, also, Stovall v. Stovall, 29 Okla. 125, 116 P. 791.

It is next argued that the decree should be set aside because the defendant did not make a full and complete disclosure of his financial condition. There is no evidence offered by the plaintiff tending to disclose that the $22,500 was not a fair and reasonable disposition of the property rights. Plaintiff cites and relies upon Mann v. Mann, 135 Okla. 211, 275 P. 348, and other cases from this court. Mann v. Mann, supra, holds that a contract apparently unfair on its face will be set aside in the absence of a showing that it was a fair and just settlement. Therein fraud was perpetrated as shown on the face of the contract when the husband took the property of his wife contrary to the agreement of the parties. The other cases likewise are distinguishable both in fact and in principle. We hold that the proper rule to apply is announced in Burtrum v. Burtrum, 184 Okla. 61, 84 P. 2d 598, wherein it is said:

"When a divorce is granted, and a property settlement entered into between the parties is approved, a subsequent modification of the judgment approving the property settlement, on the ground of fraud in the procurement of the agreement, will be denied unless such fraud be proven by clear and satisfactory evidence, and when the transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted."

The third and final proposition is that as a matter of law the contract is not enforceable by contempt proceedings for the reason that the terms of the contract are not incorporated in and made a part of the journal entry of judgment, and that therefore a fraud was perpetrated by the defendant against the plaintiff. There is no evidence that the defendant agreed to incorporate the terms of the contract in the decree or that any fraud was perpetrated in connection with the execution of the agreement. The terms of the contract are referred to in the decree and the amount of payment therein confirmed. The action to vacate the judgment was filed the 7th day of November, 1942. Each payment of $200 had been made except that the defendant was in arrears for the last one due. The defendant had not paid the $2,500 agreed to be paid and it is delinquent within the terms of the contract. No showing was made of any attempt to enforce any provisions of the contract by contempt or otherwise. The trial court found as a matter of fact that the contract was delinquent, but as a matter of law the question of enforcement of the same by contempt proceedings or otherwise was not before him. We agree with this finding and conclusion. Plaintiff testified that she was satisfied with the terms and provisions of the contract if the defendant paid the amount of money provided therein within the terms of the contract. The question of the enforcement of the contract or the terms thereof and whether the same can be enforced by contempt proceedings is not before us, and we decline to discuss the law with relation thereto until such time as an appropriate proceeding has been commenced to determine that legal question.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, HURST, and ARNOLD, JJ., concur.