LAMBERT v. LAMBERT.

No. 34631.   June 10, 1952.

*245 P. 2d 486.*

Rutherford H. Brett and George Miskovsky, Oklahoma City, for plaintiff in error.

Champion, Champion & Wallace, Ardmore, for defendant in error.

PER CURIAM.   This is an appeal from an order sustaining a demurrer to evidence presented in support of a motion to vacate a decree of divorce and from a judgment overruling the motion to vacate the divorce decree. The parties on appeal, being in the same position as they were in the proceedings on the motion, shall be similarly designated herein.

The motion of plaintiff to vacate a decree of divorce alleges fraud and duress practiced upon plaintiff by her husband, the defendant. The facts upon which such allegations are based are, briefly, as follows:

On or about May 16, 1949, negotiations were concluded between the defendant and a prospective purchaser for the sale to such purchaser of defendant's business, home, and furnishings for the cash price of $60,000. His wife, the plaintiff herein, was present at the offices of an attorney when instruments and checks purporting to represent the formalities of a final transfer of this property were exchanged between defendant and the purchaser. Plaintiff believed that such sale was actually concluded at that time, although later events indicate that this transaction fell through at a date subsequent to the rendering of the decree of divorce, by reason of the purchaser's failure to obtain the additional amount of money required to complete the sale. On May 19, 1949, following lunch in their home with defendant, plaintiff received a telephone call from defendant's attorney, asking her to come to his office, and stating that he was unable to tell her over the telephone the reason for such summons. Plaintiff im-

mediately and repeatedly thereafter endeavored to contact her husband by telephone at his place of business, seeking advice from him as to the reason for the attorney's telephone summons, but was unable to contact him. Finally, at the designated time, plaintiff proceeded to the attorney's office, where she was handed the following letter by the attorney, whose name is deleted from the text as here reproduced:

"Dearest Dorothy:

"My unableness to trust you, as a husband should be able to trust his wife, prompts me to make this decision.

"Having intercepted both out-going and in-coming mail, since for some reason the postman did not deliver all mail addressed to you, at 1525 McLish, but did leave it at 705 West Main. Also, I have left with Mr. ———, a photostatic copy of the last page of a letter written by you, that blends very well with letters written to you, which I have also left with him.

"I have left a fair amount of money with Mr. ——— to offer you for the thirty-two days you have lived with me. I have also paid him attorney fees to take care of this proceedings and agreement for us.

"If you care to accept this amount which I feel like is definitely fair, I will mail you the letter, etc., that I will have to use if you desire to contest this offer. I have instructed Mr.——— to cash the check for you, if you do agree and decide that this is the best way out, and if you do not, I have instructed him to mail it to my mother.

"I would like to have said Good-by differently to this, but circumstances sometimes prevent our desires.

"I will be on my way to somewhere for a good rest and maybe by this time next year will be in some kind of business that will not be so *strenous*.

"Wishing you only the best, I remain,

"Yours very truly,
"Troy Lambert

"P. S.

"You will have to pay your own bills that you definitely acquired before our marriage."

After discussion between the attorney and plaintiff, in which she denied any desire for a divorce, and in which the attorney advised her that it was best for her to accept the offer stated in her husband's letter, plaintiff signed a petition for divorce and a property settlement along the lines indicated by defendant's letter, which settlement had been previously prepared and signed by defendant. Then plaintiff accompanied the attorney to the chambers of the judge of the district court, where the attorney presented to the court the petition for divorce and property settlement and a waiver of summons signed by defendant. Upon her oath, plaintiff then replied to inquiries by the judge that the property settlement was satisfactory. The attorney explained to the court that he was representing the plaintiff at the request of his client, defendant herein, and was receiving his fee for the services to be rendered from defendant. Upon the statements of this attorney to the court that plaintiff's husband was a "suspicious, jealous man", to which plaintiff agreed, the court granted a decree of divorce and approved the property settlement whereby plaintiff received $1,000 in cash and waived any further claim to alimony or division of property.

Plaintiff filed a motion to vacate the decree of divorce within the term in which the judgment was rendered, later amending such motion to include details in support of her allegations of fraud. Plaintiff's application was by motion, upon which notice issued to the defendant, who appeared in person in the hearing on this motion.

In short, plaintiff alleges that defendant, in collaboration with this attorney, committed fraud and subjected her to coercion and duress by pretending to sell all of his business and property, taking the money realized from the sale, absenting himself from the

reach of process, and then laying down the ultimatum of divorce and settlement with the veiled threat of a divorce action of his own in which intercepted letters would be introduced to deprive her of any judgment for alimony. The apparent rapidity with which the whole proceedings were handled by his attorney is alleged to indicate the attorney's collaboration in the coercive scheme.

In defense, on appeal, defendant urges three propositions: (1) that under the applicable procedural statutes, a motion to vacate was improper and that failure to issue summons on a petition to vacate rendered the proceedings fatally defective; (2) that under the same statutory provisions, a judgment may not be vacated on grounds of fraud by the successful party; and (3) the evidence presented by plaintiff in support of her motion is wholly insufficient to prove fraud in the obtaining thereof. We shall treat these questions separately below.

Section 556, O.S. 1931, Title 12 O.S.A. §1031, says:

"The district court shall have the power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made: * * * Fourth. For fraud, practiced by successful party, in obtaining a judgment or order."

Section 558, O.S. 1931, Title 12 O.S.A. §1033, provides:

"The proceedings to vacate or modify the judgment or order on the grounds mentioned in Subdivision 4 * * * of the second preceding section (Section 1031) shall be by petition, verified by affidavit, * * *. On such petition a summons shall issue and be served as in the commencement of actions."

Although the meaning of the last-quoted provision seems clear and the formality of a petition supported by the service of summons would appear to be requisite to a proceedings to vacate a judgment. this court has repeatedly held that the inherent common-law power of courts over their judgments during the term in which rendered and the common-law rights of parties to move to set same aside in nonjury cases is not impaired by the statutes above considered. Corliss v. Davidson & Case Lumber Co., 183 Okla. 618, 84 P. 2d 7; Welborn v. Whitney, 179 Okla. 420, 65 P. 2d 971; Richardson v. Howard, 51 Okla. 240, 151 P. 887; Hogan v. Bailey, 27 Okla. 15, 110 P. 890.

We have also held, in Burton v. Burton, 176 Okla. 494, 56 P. 2d 385, that a divorce decree obtained by the wife under conditions of fraud, duress, or coercion exercised by the husband, is clearly one which may be set aside by the courts, notwithstanding the general rule that a judgment will not be set aside on application of the successful party.

Having disposed of defendant's first two defenses on appeal, both being of a procedural nature, we turn to the issue upon which our decision must rest, namely, was the decision of the trial court refusing to vacate the judgment of divorce an abuse of its discretion in the light of the evidence presented by plaintiff in support of her motion alleging fraud? As a general rule, a petition to vacate a judgment on the grounds of fraud is addressed to the trial court's discretion and its decision will not be disturbed on appeal unless it clearly abused its discretion. See cases cited under key number 982 (2), Appeal and Error, Oklahoma Digest. Reviewing the evidence presented, we find nothing of record with regard to the property transactions of defendant which, as a matter of fact or of reasonable inference, would indicate a conspiracy to withdraw assets from the reach of his wife's divorce processes if she should choose such a course. We are therefore left to determine what was the effect, if any, of the actions of the husband and his attorney with respect to divorce proceedings. In its most favorable light, it appears that the plaintiff was confronted with her husband's decision to obtain a divorce un-

der circumstances hardly consistent with the relationship of confidence, trust, good faith and frankness requisite in the relationship of husband and wife. However, we must presume that the trial court, having heard plaintiff's evidence in support of allegations of fraud upon her motion to set aside the divorce decree, took the position that plaintiff, having the choice of petitioning for a divorce in which a property settlement was assured, or in refusing and being named a defendant by her husband in such a proceeding, recognized that the marriage relation between herself and her husband had come to an end. The evidence evoked from plaintiff upon cross-examination that this marriage had lasted only 32 days tends to support defendant's argument that plaintiff's action was taken as a matter of her choice, rather than the result of fraud or coercion. There being no evidence which indicates that plaintiff was placed under such restraint as compelled her to act against her will, virtually taking away her free agency and destroying her power to refuse to comply with her husband's demands, or that the property settlement approved by the court was apparently unfair on its face, we see no compelling reason for this court to substitute its opinion of the evidence for that of the trial court.

The case at bar, in our opinion, is governed by the rule announced in Green v. Green, 194 Okla. 493, 152 P. 2d 910. There, in the syllabus, we said:

"When a divorce is granted, and a property settlement entered into between the parties is approved, a subsequent modification of the judgment approving the property settlement, on the ground of fraud in the procurement of the agreement, will be denied unless such fraud be proven by clear and satisfactory evidence. . . ."

An examination of the entire record does not sustain the allegations of fraud. Therefore, the judgment is affirmed.

This court acknowledges the services of Attorneys Joseph L. Hull, Jr., P. N. Landa and Jack N. Hays, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J. and WELCH, CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur.