**D. S. BRADSHAW, Appellant,**

v.

**T. G. BRADSHAW, Appellee.**

**No. 50284.**

Court of Appeals of Oklahoma, Division No. 2.

Oct. 25, 1977.

Rehearing Denied Jan. 10, 1978.

Certiorari Denied March 20, 1978.

Released for Publication by Order of Court of Appeals March 23, 1978.

Ungerman, Ungerman, Marvin, Weinstein & Glass, Tulsa, for appellant.

Gavin & King, Tulsa, for appellee.

BACON, Judge.

Twenty-nine-year-old Deanna Bradshaw, appellant wife in this divorce case, is appealing from the trial court's refusal to vacate the divorce decree. Appellant wife had sought to vacate the decree on the grounds of fraud, duress, and undue influence allegedly practiced by her husband, appellee Tommy Dean Bradshaw. Under the decree appellee husband was awarded approximately $80,000 in property and appellant wife was awarded a used automobile, her personal effects, and $11.21 in a bank account.

The parties to this case were married April 12, 1967. Two children were born of the marriage and appellee husband adopted appellant's child by a previous marriage.

Apparently during the marriage something happened (the record is silent in this regard) to cause appellee husband to want a divorce "to settle the past and clear his mind." On October 15, 1975, appellant wife agreed to the wishes of her husband and resigned as an officer of the family business, Bradshaw Tree Service, Inc., releasing any claims on the company. The parties then went to the office of a lawyer whom they both knew and who had previously handled legal matters for them. The attorney was told the parties had reached an "agreement" and desired a divorce. When the attorney learned that under the agreement appellee husband was to receive custody of the children and all of the parties' property save and except a used Datsun

and $11.21 which was to go to appellant wife, the attorney advised her against such an agreement. Appellee husband did not participate in the discussion except to inexplicably remind appellant wife of her "fears" when the question of the custody of the children was mentioned. Despite the attorney's warning, the petition was filed and appellant wife was granted a divorce, the decree of the court incorporating the "agreement."

The divorce was granted on November 17, 1975, and appellant wife remained in the family home until December 22, 1975, when, according to appellant's brief, appellee husband "kicked appellant out of the house, took the children, and refused to give appellant even her personal belongings."

On December 31, 1975, appellant wife filed the petition to vacate the decree of divorce alleging that fraud and undue influence was practiced upon appellant by appellee husband. Appellant wife later amended her petition to vacate alleging appellee husband led her to believe the divorce would be only temporary and that the parties would continue living together, thus misleading appellant wife into agreeing to the property settlement.

On July 30, 1976, appellee husband married another woman.

On October 4, 1976, the petition to vacate was heard by the court without jury. The trial court denied the petition, finding the property agreement was "grossly unfair, however, the court feels that she has failed to prove that this agreement was exercised by fraud by the Defendant . . . ." The trial court also found, although the evidence was conflicting, that it did not establish a post-divorce common-law marriage.

Appellant is now challenging the judgment of the trial court, arguing under two separate propositions of error.

Appellant's first proposition reads:
"The trial court erred in not finding that there existed a common-law marriage or reestablishment of the parties' marital relationship which would vacate the divorce decree of November 17, 1975."

As we view this proposition, we find it to be without merit for several reasons. First, whether or not the parties' post-divorce acts and conduct established a common-law marriage is a question raised for the first time on appeal and we therefore will not consider same. Second, the establishment of a subsequent common-law marriage will not reestablish the parties' previous marital relationship or vacate a prior divorce decree. The means of reestablishing the parties' previous marital relationship is found in 12 O.S.1971 § 1288; *i. e.,* both parties must apply to have the decree set aside. Third, assuming a post-divorce common-law marriage was established, this would be a *new* contract of marriage which would necessitate an entirely new and separate divorce suit, and could not be litigated by motion to vacate a judgment entered in a divorce of a different marriage. We therefore conclude this proposition is without merit.

Appellant's second proposition reads:
"The trial court erred in not vacating the divorce decree of November 17, 1975 as prayed for by appellant, as said decree was obtained by the fraud, overreaching, and undue influence of appellee."

As previously indicated herein, the trial court found the property agreement was grossly unfair, but also found appellant wife failed to prove fraud was exercised by appellee upon appellant. Apparently, the trial court and appellee were of the opinion that unless appellant's evidence proved actual fraud was committed upon appellant by appellee the judgment could not be vacated. We think a close reading of the cases shows otherwise. Normally, proof of actual fraud consists of a showing that: (a) there was a misrepresentation of a material fact; (b) the declarant had knowledge the misrepresentation was false; (c) the misrepresentation was made with intent to deceive; (d) the receiver justifiably relied upon the misrepresentation; and (e) the receiver was damaged. *State ex rel. Southwestern Bell Tel. Co. v. Brown,* Okl., 519 P.2d 491 (1974). However, the cases also

state that evidence of *"legal fraud," undue influence,* or *unfair advantage* justifies a court of equity in setting aside a property settlement agreement. *Key v. Key,* Okl., 388 P.2d 505 (1964); *Brasier v. Brasier,* 200 Okl. 689, 200 P.2d 427 (1948); *Burton v. Burton,* 176 Okl. 494, 56 P.2d 385 (1936); *Mann v. Mann,* 135 Okl. 211, 275 P. 348 (1929); *Wooden v. Wooden,* 113 Okl. 81, 239 P. 231 (1925); *Montgomery v. Montgomery,* 41 Okl. 581, 139 P. 288 (1914). Additionally, where a person is induced to enter into an agreement under circumstances which deprive her of the existence of her free will, the agreement so obtained constitutes duress. *Samuels Shoe Co. v. Frensley,* 151 Okl. 196, 3 P.2d 216 (1931).

In the *Key* case, *supra,* the supreme Court, in the second syllabus, clearly stated the law as follows:

> "By reason of the special confidential or fiduciary relation existing between husband and wife the opportunity of one to take undue advantage over the other exists, and any course of dealing between them settling property rights preparatory to securing a divorce is to be carefully scrutinized, and the slightest trace of undue influence or unfair advantage justifies a court of equity in setting aside a contract purporting to settle property rights."

In the present case, the parties seem to have gone to considerable lengths to keep out of the record the reason or reasons appellee husband insisted on a divorce to "settle the past and clear his mind." It was obviously something which caused appellant wife to succumb to appellee's wishes. There is the further evidence from appellant that appellee led appellant into believing the divorce (*i. e.,* settlement) was only temporary and because of this she "agreed" to the settlement. Still further is the evidence that appellant agreed to the settlement because this was the only thing acceptable to appellee.

The very fact that appellant wife agreed to appellee husband's wishes as to the settlement, while being advised against doing so by the lawyer, is strong circumstantial evidence there was undue influence exerted on her by appellee husband. Last but probably most important are the terms of the settlement itself whereby appellant wife received practically nothing compared to what appellee husband received. We think in view of the foregoing the evidence from the record contains much more than a "slight trace of undue influence or unfair advantage" on the part of appellee husband. We therefore set aside the purported settlement.

The case is affirmed as to the granting of the divorce and reversed for a new trial in all other particulars.

BRIGHTMIRE, P. J., and NEPTUNE, J., concur.