2009 OK CIV APP 73

**In re the Marriage of Rhonda COOPER, Petitioner/Appellee,**

v.

**Larry COOPER, Respondent/Appellant.**

**No. 104,522.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 31, 2009.

Juliet N. Brennan, Bonds, Matthews, Brennan & Bonds, PLLC, Muskogee, Oklahoma, for Petitioner/Appellee.

Corrine O'Day, Muskogee, Oklahoma, for Respondent/Appellant.

DOUG GABBARD II, Presiding Judge:

¶ 1 Respondent, Larry Cooper (Husband), appeals the trial court's denial of his motion to vacate a decree of divorce. We reverse and remand with directions.

## FACTS

¶ 2 Husband and Petitioner, Rhonda Cooper (Wife), were divorced in 2006 by an agreed decree of divorce. The decree distributed the marital property by awarding the marital home, marital business, several mobile homes, vehicles, and a good deal of debt to Wife, and a lake property, farm equipment, and vehicles to Husband. It also required Husband to pay Wife monthly support alimony of $500 for ten years.

¶ 3 Ten days after the divorce decree was filed, Husband filed a motion to vacate. In his motion, Husband asserted that he was on medication and was being treated for anxiety and major depression, that Wife pressured him into signing the decree, that he had not been represented by counsel and thought he had no choice but to pay alimony, and that the property settlement and alimony were both patently unfair because Wife received

all the substantial assets of the marriage and the family business and had no demonstrable need for alimony. Husband also asserted he could not pay alimony because he only made $7.00 per hour at his employment.

¶ 4 Eventually, after reviewing the pleadings and hearing argument of counsel, the trial court denied the motion to vacate, stating that the parties could file a joint motion to vacate under 43 O.S.2001 § 133. Husband appeals.

## STANDARD OF REVIEW

■■ ¶ 5 Our standard of review in measuring the trial court's decision concerning a motion to vacate is whether the trial court abused its discretion. *Patel v. OMH Med. Ctr., Inc.,* 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194. To reverse a trial court on the ground of abuse of discretion, it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence. *Abel v. Tisdale,* 1980 OK 161, ¶ 20, 619 P.2d 608, 612.

## ANALYSIS

■■ ¶ 6 Trial court error is never presumed, but must be affirmatively shown. Absent an appellate record showing otherwise, we presume the trial court did not err. *Hamid v. Sew Original,* 1982 OK 46, ¶ 6, 645 P.2d 496, 497. The appellant has the burden of producing a sufficient record to demonstrate error. *Davidson v. Gregory,* 1989 OK 87, ¶ 11, 780 P.2d 679, 683.

¶ 7 Here, the record is remarkably barren, containing only the divorce decree, the motion to vacate, the order denying the motion, and a few unremarkable court minutes. It contains no depositions, affidavits, or evidence.[1] In fact, the trial court's order denying the motion does not state a reason for the denial, and no evidence was presented at the hearing. However, both parties have filed appellate briefs which elaborate on the facts and law at issue.

¶ 8 In his appellate brief, Husband asserts that Wife agreed to his motion to vacate but did not sign the proposed order, and, when he submitted the proposed order to the trial judge, the judge refused to sign it. Husband asserts the trial judge eventually denied the motion to vacate on the grounds that the decree could not be *partially* vacated, and because 43 O.S.2001 § 133 overrode the general language of 12 O.S.2001 §§ 651 (providing for new trials) and 1031 (providing for vacations and modifications of judgments) and required both parties to sign the motion to vacate.

¶ 9 In her appellate brief, Wife agrees that Husband has suffered from bipolar disorder for many years, that she had received substantial martial property and alimony because she "intended to continue to take care of him even after the divorce ... [and] intended to place a mobile home on the property where the marital home is located and use the utilities from the home." She also states that "[t]he purpose of the support alimony was to help pay for these utilities and also pay for Husband's medication...." However, she states that she has now remarried and Husband has been violent toward her, has taken possession of most of the property, and has refused to pay any of the debts. She states that she has offered to modify the decree to "reflect reality," but Husband has refused. She also states the trial court refused to vacate the decree "because none of the allegations required for vacation were alleged, and the parties were not jointly seeking to set the Decree aside due to reconciliation."

¶ 10 The Oklahoma Supreme Court has held that concessions in appellate briefs may serve to supplement an appellate record. *Stork v. Stork,* 1995 OK 61, n. 10, 898 P.2d 732, 737. Here, both parties concede that: 1) Husband was suffering from a serious bipolar disorder and had not been represented by counsel when he approved the divorce decree in Wife's attorney's office; 2) Wife received a disproportionate share of the mar-

---

1. Husband attempted to supplement the record by attaching an appendix to his brief in violation of Sup.Ct.R. 1.11. The Supreme Court struck this appendix by order of April 14, 2006. Husband also attached to his appellate brief an "Ex-

hibit A," which is a copy of a proposed order signed by both parties which is signed, "Denied" and is presumably initialed by the trial court. This exhibit also violates Sup.Ct.R. 1.11, and it is also ordered stricken.

ital property and alimony in excess of *her own needs;* 3) the parties disagree as to whether Husband voluntarily consented to the decree; 4) both parties are unhappy with the decree, with Husband desiring to set it aside for a new hearing, and Wife agreeing that she offered to modify it to "reflect reality;" and 5) the trial court believed that it had no authority to grant vacatur either because Husband did not state sufficient grounds under 12 O.S.2001 §§ 1031 and 651, or because it could not partially vacate the decree, or because the parties did not seek a joint vacation on the grounds of reconciliation as required by 43 O.S.2001 § 133.[2] We find that these mutual concessions sufficiently supplement the record for us to review the denial of the motion to vacate.

¶ 11 We also conclude that Husband's motion to vacate stated sufficient grounds, which if true, would authorize the court to partially vacate the decree. Clearly, Husband's motion to vacate was not brought under 43 O.S.2001 § 133, because it did not allege reconciliation and was not signed by both parties as required by that statute.[3] However, there is no language in § 133 which limits the vacatur of divorce decrees to situations where the parties reconcile. In the present case, Husband's motion was filed pursuant to 12 O.S.2001 § 1031 for fraud practiced by the successful party in obtaining a judgment or order. "Fraud" as used in this statute includes both extrinsic and intrinsic fraud. *Patel v. OMH Med. Ctr.* at ¶ 23, 987 P.2d at 1195. A divorce decree or property settlement obtained by a spouse under conditions of fraud, duress, or undue influence exercised by the other spouse is clearly one which may be set aside by the courts. *Lambert v. Lambert,* 1952 OK 227, ¶ 11, 206 Okla. 577, 245 P.2d 436, 439.

¶ 12 In a similar case, *Bradshaw v. Bradshaw,* 1977 OK CIV APP 51, 578 P.2d 762, we reviewed the trial court's denial of a wife's motion to vacate on grounds of fraud, duress, and undue influence. Her motion sought to vacate a divorce decree which incorporated a settlement agreement whereby her former spouse had been awarded $80,000 in property and she had been awarded a used automobile, her personal effects, and $11.21 in a bank account. We reversed, stating:

> [T]he trial court found the property agreement was grossly unfair, but also found appellant wife failed to prove fraud was exercised by appellee upon appellant. Apparently, the trial court and appellee were of the opinion that unless appellant's evidence proved actual fraud was committed upon appellant by appellee the judgment could not be vacated. We think a close reading of the cases shows otherwise . . . . the cases also state that evidence of "legal fraud," undue influence, or unfair advantage justifies a court of equity in setting aside a property settlement agreement. *Key v. Key,* Okl., 388 P.2d 505 (1964); *Brasier v. Brasier,* 200 Okl. 689, 200 P.2d 427 (1948); *Burton v. Burton,* 176 Okl. 494, 56 P.2d 385 (1936); *Mann v. Mann,* 135 Okl. 211, 275 P. 348 (1929); *Wooden v. Wooden,* 113 Okl. 81, 239 P. 231 (1925); *Montgomery v. Montgomery,* 41 Okl. 581, 139 P. 288 (1914). Additionally, where a person is induced to enter into an agreement under circumstances which deprive her of the existence of her free will, the agreement so obtained constitutes duress. *Samuels Shoe Co. v. Frensley,* 151 Okl. 196, 3 P.2d 216 (1931).
>
> In the *Key* case, supra, the Supreme Court, in the second syllabus, clearly stated the law as follows:
>
> "By reason of the special confidential or fiduciary relation existing between husband and wife the opportunity of one to take undue advantage over the other

---

**2.** This concession is consistent with the order denying the motion to vacate wherein the court stated that it would consider a joint motion to vacate pursuant to § 133.

**3.** Title 43 O.S.2001 § 133 provides: "When a decree of divorce has been issued by a district or superior court, said court is hereby authorized to dissolve said decree at any future time, in or out of the term wherein the decree was granted,

provided that both parties to the divorce action file a petition, signed by both parties, asking that said decree be set aside and held for naught. And further provided that both parties seeking to have the decree set aside shall make proof to the court that neither one has married a third party during the time since the issuance of the decree of divorce."

exists, and any course of dealing between them settling property rights preparatory to securing a divorce is to be carefully scrutinized, and the slightest trace of undue influence or unfair advantage justifies a court of equity in setting aside a contract purporting to settle property rights."

*Bradshaw* at ¶¶ 12–13, 578 P.2d at 764–65.

¶ 13 As noted above, the parties concede that Husband was suffering from a severe mental condition and was not represented by an attorney when he signed the settlement agreement, that Wife received a disproportionate share of the marital property, and that the alimony award was in excess of *her own actual needs*. Where a divorce property settlement appears unfair on its face, a presumption is raised regarding the invalidity of the agreement. *Brasier v. Brasier*, 1948 OK 251, ¶ 29, 200 Okla. 689, 200 P.2d 427, 432. Even if the settlement agreement does not appear unfair on its face, Husband's motion alleges facts, which if true, would constitute circumstantial evidence that Wife exerted fraud, duress, or undue influence upon him in order to obtain his approval of the settlement proposal, justifying vacatur under § 1031.[4]

¶ 14 "[W]here the dispositive issues in a vacation quest call upon the trial court to resolve one or more fact controversies, an opportunity to adduce proof must be provided." *Patel v. OMH Med. Ctr.* at ¶ 41, 987 P.2d at 1201. The trial court's failure to receive evidence on this disputed fact issue was an abuse of discretion. *See id.* at ¶ 42, 987 P.2d at 1201.

## CONCLUSION

¶ 15 Accordingly, the trial court's decision is reversed and the cause is remanded with directions that the trial court conduct an evidentiary hearing on Husband's motion to vacate. If Husband presents clear and convincing evidence that his consent to the decree was obtained by fraud, duress, or undue influence, then that portion of the decree awarding property and alimony should be vacated. *See Lambert v. Lambert*, 1952 OK 227, 206 Okla. 577, 245 P.2d 436. If he fails to adduce the required proof, then his motion to vacate should be denied because a trial court may not vacate a consent decree for the purpose of remaking the parties' agreement.[5] *See Stepp v. Stepp*, 1998 OK 18, 955 P.2d 722.

¶ 16 REVERSED AND REMANDED WITH DIRECTIONS.

RAPP, J., and FISCHER, J., concur.

---

4. Although not raised by the parties, we note that the trial court also had term-time authority to correct, open, modify, or vacate the decree because Husband's motion to vacate was filed within 30 days of the filing of the decree. Formerly a common-law power, term-time authority is now codified at 12 O.S.2001 § 1031.1 Under term-time authority, a trial court has "a very wide and extended discretion" that is "almost unlimited." *Schepp v. Hess*, 1989 OK 28, ¶ 9, 770 P.2d 34, 38. A trial court may use its term-time authority to correct, open, modify, or vacate its judgment or decree on its own motion, with or without the consent of either party, and may vacate all or only a portion of the decree. *See, for example,* *Arnold v. Arnold*, 1944 OK 292, 194 Okla. 571, 153 P.2d 224; *In re Pugh's Estate*, 1955 OK 87, 281 P.2d 937.

5. In such event, the parties may file a joint motion to modify the decree, or Husband may file a separate action to enforce the alleged agreement settling property and support issues in anticipation of divorce, even though it was not reviewed by the court and made part of the divorce decree. See 43 O.S.2001 §§ 204 & 205; *Stockton v. Stockton*, 1956 OK 226, 299 P.2d 146; *Elliott v. Dunham*, 1942 OK 237, 191 Okla. 395, 130 P.2d 534; *Eatman v. Eatman*, 1975 OK CIV APP 68, 549 P.2d 389.